

October 26th, 2017                    VIA OVERNIGHT COURIER

Glenda Suazo and Luis M Moreno
23140 SW 113th Passage
Miami, Florida 33170

Re:     Loan No.: ███████
        Property Address: 23140 SW 113th Passage, Miami, Florida 33170

Dear Glenda Suazo and Luis M Moreno:

Enclosed please find two original copies of a Loan Modification Document Package and one copy for your records, which RUTH RUHL, P.C. ("Firm") has prepared pursuant to the request of its client, BSI Financial Services ("BSI"). Please review the Loan Modification Agreement. If it is consistent with your prior discussions with BSI, please execute the documents **in the presence of a notary** and return to BSI in the enclosed envelope **provided within 14 days of receipt of this package**. Please sign your name exactly as it is printed under the signature line. Witness signatures must be from two different individuals and require their printed name under their signature.

In addition to the documents, please include your initial contribution in certified funds, in the amount of $0.00. This will be necessary to complete and record the modification and includes charges for corporate advances by BSI, including but not limited to attorney fees and costs, returned check fees and late charge fees. Additional sums may become due as a result of the timing of this letter and agreement. Nothing in this letter or agreement precludes collection of additional advances by BSI.

The Agreement changes the monthly principal and interest amount of your payment to $1,580.06, effective April 1st, 2016. The taxes and insurance portion of the monthly payment is $474.67, with a total payment of $2,054.73 due May 1st, 2016. Please note that the tax and insurance payment amount is subject to change upon escrow analysis. If you are currently making payments under a repayment agreement with BSI, you are responsible for continuing your payments to BSI through the effective date of the Agreement. Failure to make the payments may result in BSI's rescission of this loss mitigation option.

If you have any questions regarding the Loan Modification Agreement, please consult with your BSI Loss Mitigation representative. Please note that the Firm is not attempting to collect the debt and its role is to prepare the documents and ensure that the documents are in a recordable format.

Very truly yours,


BSI Financial Services
Enclosures

BSI Financial Services is a debt collector. BSI is attempting to collect a debt and any information obtained will be used for that purpose. However, if you are in bankruptcy or received a bankruptcy discharge of this debt, this communication is not an attempt to collect the debt against you personally, but is notice of a possible enforcement of the lien against the collateral property.

Loan No.: ▮▮▮▮▮▮

# Borrower and Notary Checklist

Please carry this sheet with you when you have your documents notarized. This checklist is being provided to ensure that your loss mitigation documents are correctly executed. If any of the following steps are not completed, or are completed incorrectly, the documents will be returned to you for correction and/or completion.

- All signatures and requested written information completed in **BLACK INK** only.
- Borrower(s) must sign their name(s) exactly as the printed line below the signature line.
- County, State and date information completed (if applicable) on Borrower's Acknowledgment for each set of documents.
- Notarization date written in by Notary Public when notarizing Borrower's Acknowledgment for each set of documents.
- Notary Public's signature and title written in by Notary Public when notarizing Borrower's Acknowledgment for each set of documents
- Notary Public's stamp and/or seal placed on Borrower's Acknowledgment when notarizing each set of documents.
- Commission Expiration Date of Notary Public written in on Borrower's Acknowledgment for each set of documents, if required.
- **\*\*DO NOT HAVE DOCUMENTS NOTARIZED BY A FAMILY MEMBER OR A FOREIGN NOTARY\*\***

- **Witness Signatures**

Certain states require witness(es) to your signature. If witness signatures are required on your loan documents, please verify that each witness has signed and printed/typed their name under the signature as indicated. **\*\*BORROWERS CANNOT WITNESS THEIR OWN SIGNATURES. \*\***

**\*\*WITNESS SIGNATURES MUST BE FROM NON-RELATED, DISINTERESTED THIRD PARTIES.\*\***

**NOTE**: The Lender's Acknowledgment portion of the **loan documents** will be completed by the Lender and **SHOULD NOT** be notarized by your notary public.

**After Recording Return To:**
BSI Financial Services
Attn: Recording Department
1425 Greenway Drive, Suite 400
Irving, Texas 75038
**This Document Prepared By:**
Ruth Ruhl, Esquire
RUTH RUHL, P.C.
12700 Park Central Drive, Suite 850
Dallas, TX 75251

THIS IS A BALLOON MORTGAGE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY IS $87,880.64 TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.

## LOAN MODIFICATION AGREEMENT
(Providing for Deferred Payment on the Maturity Date)

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THIS LOAN AND ALL UNPAID INTEREST AND ANY OTHER AMOUNTS THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THIS LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER WITH WHOM YOU HAVE THIS LOAN, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

Loan No.: ▉▉▉▉▉▉▉

This Loan Modification Agreement ("Modification"), is effective April 1st, 2016, between Glenda Suazo, a married person, and spouse and Luis M Moreno

("Borrower"),

whose address is 23140 SW 113th Passage, Miami, Florida 33170
and HMC Assets, LLC solely in its capacity as Separate Trustee of Community Development Fund I Trust By: Servis One, Inc. DBA BSI Financial Services, as its Attorney in Fact ("Lender"),
whose address is 1425 Greenway Drive, Suite 400, Irving, Texas 75038
and amends and supplements (1) the Note (the "Note") made by the Borrower, dated July 20th, 2006, in the original principal sum of U.S.$ 260,000.00, and (2) the Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), recorded on July 27th, 2006, in Book/Liber 24763, Page 2260 Instrument No. 2006R0812984, Official Records of Miami-Dade County, Florida.

"The portion of the Unpaid Principal Balance which is subject to documentary stamp and intangible tax is $ 0.00 ."

FLORIDA LOAN MODIFICATION AGREEMENT                                                            Page 1 of 4

Loan No.: ▮▮▮▮▮▮▮

The Security Instrument, which was entered into as security for the performance of the Note, encumbers the real and personal property described in the Security Instrument (and defined in the Security Instrument as the "Property"), which is located at 23140 SW 113th Passage, Miami, Florida 33170
That real property is described as follows:

LOT 5, BLOCK 5, SILVER PALM HOMES, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 163, PAGE 11, PUBLIC RECORDS OF MIAMI DADE COUNTY, FLORIDA.
PARCEL ID: 3060180270920

The Borrower has requested that the Lender modify the terms of the Note and Security Instrument. The Lender has agreed to do so pursuant to the terms and conditions stated in this Modification. In consideration of the agreements made in this Modification, and other good and valuable consideration which the parties agree they have received, the Borrower and Lender agree to modify the terms of the Note and Security Instrument as follows. The Borrower and Lender agree that the provisions of this Modification supersede and replace any inconsistent provisions set forth in the Note and Security Instrument.

1. The Borrower represents that the Borrower [X] is, [ ] is not, the occupant of the Property.
2. As of the date of this Modification, the amount payable under the Note and the Security Instrument is $415,561.44 (the "Unpaid Principal Balance). The Unpaid Principal Balance consists of the amount of $327,680.80, which shall bear interest and amortize in accordance with this paragraph (the "Amortizing Amount") and the amount of $87,880.64, which shall not bear interest, except as provided in Section 4, and which shall not amortize. This latter amount is herein referred to as the "Deferred Payment" and is further defined in Section 4.
3. Interest at the rate of 5.000% will begin to accrue on the Amortizing Amount as of April 1st, 2016 and the first new monthly payment on the Amortizing Amount will be due on May 1st, 2016. The new Maturity Date will be April 1st, 2056. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-40 | 5.000% | 04/01/2016 | $1,580.06 | $474.67 may adjust periodically | $2,054.73 may adjust periodically | 05/01/2016 | 480 |
| N/A | N/A | N/A | N/A | May adjust periodically | May adjust periodically | N/A | N/A |

*Escrow Impound is required as part of this Modification. The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The Borrower will make such payments at 1425 Greenway Drive, Suite 400, Irving, Texas 75038
or at such place as the Lender may require.

4. Borrower acknowledges that interest has accrued but has not been paid and Lender has incurred, paid or otherwise advanced taxes, insurance premiums and other expenses necessary to protect or enforce its interest under the Note and the Security Instrument, and that such interest, taxes, insurance premiums and other expenses in the total amount of $87,880.64 (collectively, the "Deferred Payment") will be due and payable on the Maturity Date or upon payment-in-full of all sums evidenced by the Note and this Modification and secured by the Security Instrument and this Modification, whichever first occurs. The Deferred Payment shall not bear interest if paid on the Maturity Date or if the Loan is paid in full prior to the Maturity Date. The Deferred Payment may not be paid separately prior to the Maturity Date. However, if Borrower defaults hereunder and fails to pay the Deferred Payment on the Maturity Date, then any such unpaid amount shall bear interest at the interest rate borne by the Note from such date up to, but not including, the date full payment of the Deferred Payment is made.

Loan No.: ▮▮▮▮▮▮

5. Except to the extent that they are modified by this Modification, the Borrower will comply with all other covenants, agreements, and requirements of the Note and Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make under the Security Instrument.

Further, if applicable, the mortgage insurance premiums may increase as a result of the capitalization which will result in a higher total monthly payment. The date on which Borrower may request cancellation of mortgage insurance may change as a result of the Unpaid Principal Balance.

6. Nothing in this Modification shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Modification, the Note and Security Instrument will remain unchanged and in full effect, and the Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Modification.

**THIS IS A BALLOON MORTGAGE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY IS $87,880.64 TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.**

[To be signed by all Borrowers, endorsers, guarantors, sureties, and other parties signing the Note or Security Instrument].

| Date | Signature | |
|---|---|---|
| 11/21/17 | Glenda Suazo | (Seal) —Borrower |
| 11/21/17 | Luis M Moreno, signing solely to acknowledge this Agreement, but not to incur any personal liability for the debt | (Seal) —Borrower |
| | | (Seal) —Borrower |
| | | (Seal) —Borrower |

## BORROWER ACKNOWLEDGMENT

State of Florida
County of Miami-Dade

The foregoing instrument was acknowledged before me this 21 of November, 2017 [date], by Glenda Suazo and Luis M Moreno [name of person acknowledging], who is personally known to me or who has produced Driver License [type of identification] as identification.

Signature of Person Taking Acknowledgment: Stephanie Babani

Name Typed, Printed or Stamped: Stephanie Babani
Title or Rank: Notary Public

STEPHANIE BABANI
MY COMMISSION #FF100768
EXPIRES March 16, 2018
(407) 398-0153   FloridaNotaryService.com

Serial Number, if any

ACKNOWLEDGMENT (FLORIDA)                                                                 Page 3 of 4

Loan No.: ▮▮▮▮▮▮

HMC Assets, LLC solely in its capacity
as Separate Trustee of Community    –Lender                                          -Date
Development Fund I Trust By: Servis
One, Inc. DBA BSI Financial Services,
as its Attorney in Fact


By: _____

Its: _____


(Corporate Seal)


# LENDER ACKNOWLEDGMENT

State of                           §
                                   §
County of                          §

    The foregoing instrument was acknowledged before me this                    ,     *[date]*,
by                                           ,                                    *name of officer or agent,*
*title of officer or agents]* of  HMC Assets, LLC solely in its capacity as Separate Trustee of Community
Development Fund I Trust By: Servis One, Inc. DBA BSI Financial Services, as its Attorney in Fact

                                                               , on behalf of said entity.

He/She is personally known to me or has produced
*[type of identification]* as identification.

                                                                            _____
                                                                            Signature of Person Taking Acknowledgment

(Seal)
                                                                            _____
                                                                            Name Typed, Printed or Stamped

                                                                            Notary Public_____
                                                                            Title or Rank

                                                                            _____
                                                                            Serial Number, if any

Loan No.: ▮▮▮▮▮▮▮

# NOTICE OF NO ORAL AGREEMENTS

THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.

THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

**Receipt of Notice:** The undersigned hereby represents and warrants that I/we have each received and read a copy of this Notice on or before the execution of the "Loan Agreement." "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or any other thing of value or to otherwise extend credit or make a financial accommodation.

_____ -Borrower
Glenda Suazo

_____ -Borrower
Luis M Moreno, signing solely to
acknowledge this Agreement, but not to
incur any personal liability for the debt

_____ -Borrower

_____ -Borrower

Loan No.: ███████

# CORRECTION AGREEMENT

**Borrower(s):** Glenda Suazo and Luis M Moreno     **Property:** 23140 SW 113th Passage, Miami, Florida 33170

Words used in this Agreement are defined below. Words in the singular mean and include the plural and vice versa.

"Borrower" is Glenda Suazo and Luis M Moreno    .

"Lender" is HMC Assets, LLC solely in its capacity as Separate Trustee of Community Development Fund I Trust By: Servis One, Inc. DBA BSI Financial Services, as its Attorney in Fact
                                                                                          , and its successors or assigns.
"Loan" means the debt evidenced by the Note and all sums due under the Security Instrument.
"Note" means the promissory note(s) signed by Borrower in favor of Lender or any assignee of Lender.
"Security Instrument" means the Deed of Trust/Mortgage/Security Deed, signed by Borrower in favor of Lender, securing payment of the Note.

AGREEMENT TO CORRECT OR PROVIDE ADDITIONAL DOCUMENTATION OR FEES: In consideration of the Loan Modification Agreement offered by Lender in the amount of $415,561.44 , which modifies the Note and Security Instrument, and regardless of the reason for any loss, misplacement, omission, misstatement or inaccuracy in any Loan documentation, Borrower agrees as follows: If any document is lost, misplaced, omitted, misstated or inaccurately reflects the true and correct terms and conditions of the Loan, upon request of Lender (including any assignee of Lender), Borrower will comply with Lender's request to execute, acknowledge, initial and/or deliver to Lender any documentation Lender deems necessary to replace and/or correct the lost, misplaced, omitted, misstated or inaccurate document(s). All documents Lender requests of Borrower shall be referred to as "Requested Documents." Borrower agrees to deliver the Requested Documents within ten (10) days after receipt by Borrower of a written request for such replacement. Borrower does hereby agree and covenant in order to assure that the Loan documentation executed this date will enable Lender to seek insurance or guaranty from the Department of Housing and Urban Development (HUD) or Department of Veteran's Affairs (VA), if applicable, or to conform with and be acceptable to the Federal National Mortgage Association (FNMA), Federal Home Loan Mortgage Corporation (FHLMC), Government National Mortgage Association (GNMA), or any other investor.

REQUEST BY LENDER: Any request under this Agreement may be made by the Lender (including assignees and persons acting on behalf of the Lender) and shall be <u>prima facie</u> evidence of the necessity for same. A written statement addressed to Borrower at the address indicated in the Loan documentation shall be considered conclusive evidence of the necessity for Requested Documents.

BORROWER LIABILITY: If Borrower fails or refuses to execute, acknowledge, initial or deliver the Requested Documents to Lender within ten (10) days after being requested to do so by Lender, Borrower understands that Lender is relying on the representations contained herein and agrees to be liable for any and all loss or damage which Lender reasonably sustains thereby including, but not limited to, all reasonable attorneys' fees and costs incurred by Lender.

This Agreement shall inure to the benefit of Lender's successors and assigns and be binding upon the heirs, devises, personal representatives, successors and assigns of Borrower.

ACKNOWLEDGMENT OF RECEIPT

**I hereby acknowledge receipt of this Correction Agreement and further acknowledge that I understand its provisions. Words used in this Correction Agreement mean and include the plural and vice versa.**

_____  11/21/17  
Glenda Suazo  -Borrower (Date)

_____  11/21/17  
Luis M Moreno, signing solely  -Borrower (Date)  
to acknowledge this  
Agreement, but not to incur  
any personal liability for the  
debt

_____  
-Borrower (Date)

_____  
-Borrower (Date)

Loan No.: ███

# ATTORNEY SELECTION NOTICE

By signing below, it is understood and agreed that you may hire a lawyer or attorney to advise you regarding this transaction and its consequences.

SELLER:

BORROWER:

___N/A Modification_____  
(Date)

____[signature]____  11/21/17  
Glenda Suazo        (Date)

___N/A Modification_____  
(Date)

____[signature]____  11/21/17  
Luis M Moreno, signing solely to    (Date)  
acknowledge this Agreement, but not to  
incur any personal liability for the debt

_____  
(Date)

_____  
(Date)

_____  
(Date)

_____  
(Date)

ATTORNEY SELECTION NOTICE -MULTISTATE                                                        Page 1 of 1



October 26th, 2017                              VIA OVERNIGHT COURIER


Glenda Suazo and Luis M Moreno
23140 SW 113th Passage
Miami, Florida 33170


Re:     Loan No.: ███████
        Property Address: 23140 SW 113th Passage, Miami, Florida 33170

Dear Glenda Suazo and Luis M Moreno:

Enclosed please find two original copies of a Loan Modification Document Package and one copy for your records, which RUTH RUHL, P.C. ("Firm") has prepared pursuant to the request of its client, BSI Financial Services ("BSI"). Please review the Loan Modification Agreement. If it is consistent with your prior discussions with BSI, please execute the documents **in the presence of a notary** and return to BSI in the enclosed envelope **provided within 14 days of receipt of this package**. Please sign your name exactly as it is printed under the signature line. Witness signatures must be from two different individuals and require their printed name under their signature.

In addition to the documents, please include your initial contribution in certified funds, in the amount of $0.00. This will be necessary to complete and record the modification and includes charges for corporate advances by BSI, including but not limited to attorney fees and costs, returned check fees and late charge fees. Additional sums may become due as a result of the timing of this letter and agreement. Nothing in this letter or agreement precludes collection of additional advances by BSI.

The Agreement changes the monthly principal and interest amount of your payment to $1,580.06, effective April 1st, 2016. The taxes and insurance portion of the monthly payment is $474.67, with a total payment of $2,054.73 due May 1st, 2016. Please note that the tax and insurance payment amount is subject to change upon escrow analysis. If you are currently making payments under a repayment agreement with BSI, you are responsible for continuing your payments to BSI through the effective date of the Agreement. Failure to make the payments may result in BSI's rescission of this loss mitigation option.

If you have any questions regarding the Loan Modification Agreement, please consult with your BSI Loss Mitigation representative. Please note that the Firm is not attempting to collect the debt and its role is to prepare the documents and ensure that the documents are in a recordable format.

Very truly yours,


BSI Financial Services
Enclosures

BSI Financial Services is a debt collector. BSI is attempting to collect a debt and any information obtained will be used for that purpose. However, if you are in bankruptcy or received a bankruptcy discharge of this debt, this communication is not an attempt to collect the debt against you personally, but is notice of a possible enforcement of the lien against the collateral property.

Loan No.: █████████

# Borrower and Notary Checklist

Please carry this sheet with you when you have your documents notarized. This checklist is being provided to ensure that your loss mitigation documents are correctly executed. If any of the following steps are not completed, or are completed incorrectly, the documents will be returned to you for correction and/or completion.

- All signatures and requested written information completed in **BLACK INK** only.
- Borrower(s) must sign their name(s) exactly as the printed line below the signature line.
- County, State and date information completed (if applicable) on Borrower's Acknowledgment for each set of documents.
- Notarization date written in by Notary Public when notarizing Borrower's Acknowledgment for each set of documents.
- Notary Public's signature and title written in by Notary Public when notarizing Borrower's Acknowledgment for each set of documents
- Notary Public's stamp and/or seal placed on Borrower's Acknowledgment when notarizing each set of documents.
- Commission Expiration Date of Notary Public written in on Borrower's Acknowledgment for each set of documents, if required.
- **\*\*DO NOT HAVE DOCUMENTS NOTARIZED BY A FAMILY MEMBER OR A FOREIGN NOTARY\*\***


- **Witness Signatures**

Certain states require witness(es) to your signature. If witness signatures are required on your loan documents, please verify that each witness has signed and printed/typed their name under the signature as indicated. **\*\*BORROWERS CANNOT WITNESS THEIR OWN SIGNATURES. \*\***

**\*\*WITNESS SIGNATURES MUST BE FROM NON-RELATED, DISINTERESTED THIRD PARTIES.\*\***

**NOTE:** The Lender's Acknowledgment portion of the **loan documents** will be completed by the Lender and **SHOULD NOT** be notarized by your notary public.

**After Recording Return To:**
BSI Financial Services
Attn: Recording Department
1425 Greenway Drive, Suite 400
Irving, Texas 75038
**This Document Prepared By:**
Ruth Ruhl, Esquire
RUTH RUHL, P.C.
12700 Park Central Drive, Suite 850
Dallas, TX 75251

THIS IS A BALLOON MORTGAGE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY IS $87,880.64 TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.

# LOAN MODIFICATION AGREEMENT
(Providing for Deferred Payment on the Maturity Date)

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THIS LOAN AND ALL UNPAID INTEREST AND ANY OTHER AMOUNTS THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THIS LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER WITH WHOM YOU HAVE THIS LOAN, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

Loan No.: ▮▮▮▮▮▮

This Loan Modification Agreement ("Modification"), is effective April 1st, 2016         , between Glenda Suazo, a married person, and spouse and Luis M Moreno

("Borrower"),
whose address is 23140 SW 113th Passage, Miami, Florida 33170
and HMC Assets, LLC solely in its capacity as Separate Trustee of Community Development Fund I Trust By: Servis One, Inc. DBA BSI Financial Services, as its Attorney in Fact        ("Lender"),
whose address is 1425 Greenway Drive, Suite 400, Irving, Texas 75038
and amends and supplements (1) the Note (the "Note") made by the Borrower, dated July 20th, 2006      , in the original principal sum of U.S.$ 260,000.00    , and (2) the Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), recorded on July 27th, 2006      , in Book/Liber 24763    , Page 2260        ,
Instrument No. 2006R0812984     , Official      Records of Miami-Dade      County, Florida     .

"The portion of the Unpaid Principal Balance which is subject to documentary stamp and intangible tax is $ 0.00         ."

FLORIDA LOAN MODIFICATION AGREEMENT                                                          Page 1 of 4

Loan No.: ▮▮▮▮▮▮▮

The Security Instrument, which was entered into as security for the performance of the Note, encumbers the real and personal property described in the Security Instrument (and defined in the Security Instrument as the "Property"), which is located at 23140 SW 113th Passage, Miami, Florida 33170
That real property is described as follows:

LOT 5, BLOCK 5, SILVER PALM HOMES, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 163, PAGE 11, PUBLIC RECORDS OF MIAMI DADE COUNTY, FLORIDA.
PARCEL ID: 3060180270920

The Borrower has requested that the Lender modify the terms of the Note and Security Instrument. The Lender has agreed to do so pursuant to the terms and conditions stated in this Modification. In consideration of the agreements made in this Modification, and other good and valuable consideration which the parties agree they have received, the Borrower and Lender agree to modify the terms of the Note and Security Instrument as follows. The Borrower and Lender agree that the provisions of this Modification supersede and replace any inconsistent provisions set forth in the Note and Security Instrument.

1. The Borrower represents that the Borrower ☒ is, ☐ is not, the occupant of the Property.
2. As of the date of this Modification, the amount payable under the Note and the Security Instrument is $415,561.44 (the "Unpaid Principal Balance). The Unpaid Principal Balance consists of the amount of $327,680.80, which shall bear interest and amortize in accordance with this paragraph (the "Amortizing Amount") and the amount of $87,880.64, which shall not bear interest, except as provided in Section 4, and which shall not amortize. This latter amount is herein referred to as the "Deferred Payment" and is further defined in Section 4.
3. Interest at the rate of 5.000% will begin to accrue on the Amortizing Amount as of April 1st, 2016 and the first new monthly payment on the Amortizing Amount will be due on May 1st, 2016. The new Maturity Date will be April 1st, 2056. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-40 | 5.000% | 04/01/2016 | $1,580.06 | $474.67 may adjust periodically | $2,054.73 may adjust periodically | 05/01/2016 | 480 |
| N/A | N/A | N/A | N/A | May adjust periodically | May adjust periodically | N/A | N/A |

*Escrow Impound is required as part of this Modification. The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The Borrower will make such payments at 1425 Greenway Drive, Suite 400, Irving, Texas 75038
or at such place as the Lender may require.

4. Borrower acknowledges that interest has accrued but has not been paid and Lender has incurred, paid or otherwise advanced taxes, insurance premiums and other expenses necessary to protect or enforce its interest under the Note and the Security Instrument, and that such interest, taxes, insurance premiums and other expenses in the total amount of $87,880.64 (collectively, the "Deferred Payment") will be due and payable on the Maturity Date or upon payment-in-full of all sums evidenced by the Note and this Modification and secured by the Security Instrument and this Modification, whichever first occurs. The Deferred Payment shall not bear interest if paid on the Maturity Date or if the Loan is paid in full prior to the Maturity Date. The Deferred Payment may not be paid separately prior to the Maturity Date. However, if Borrower defaults hereunder and fails to pay the Deferred Payment on the Maturity Date, then any such unpaid amount shall bear interest at the interest rate borne by the Note from such date up to, but not including, the date full payment of the Deferred Payment is made.

**FLORIDA LOAN MODIFICATION AGREEMENT**                                                                 Page 2 of 4

Loan No.: ▮▮▮▮▮▮▮

    5.    Except to the extent that they are modified by this Modification, the Borrower will comply with all other covenants, agreements, and requirements of the Note and Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make under the Security Instrument.

    Further, if applicable, the mortgage insurance premiums may increase as a result of the capitalization which will result in a higher total monthly payment. The date on which Borrower may request cancellation of mortgage insurance may change as a result of the Unpaid Principal Balance.

    6.    Nothing in this Modification shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Modification, the Note and Security Instrument will remain unchanged and in full effect, and the Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Modification.

**THIS IS A BALLOON MORTGAGE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY IS $87,880.64 TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.**

[To be signed by all Borrowers, endorsers, guarantors, sureties, and other parties signing the Note or Security Instrument].

_11/21/17_                                      _[signature]_   (Seal)
Date                                           Glenda Suazo         –Borrower

_11/21/17_                                       _[signature]_   (Seal)
Date                                           Luis M Moreno, signing solely to   –Borrower
                                                      acknowledge this Agreement, but not to incur
                                                      any personal liability for the debt   (Seal)
Date                                                                                          –Borrower

                                                                                            (Seal)
Date                                                                                         –Borrower

## BORROWER ACKNOWLEDGMENT

State of  _Florida_    §
                         §
County of  _Miami-Dade_    §

The foregoing instrument was acknowledged before me this _21 of November, 2017_ [date], by Glenda Suazo and Luis M Moreno _____ [name of person acknowledging], who is personally known to me or who has produced _Driver License_ [type of identification] as identification.

_[signature]_
Signature of Person Taking Acknowledgment

_Stephanie Babani_
Name Typed, Printed or Stamped
Notary Public
Title or Rank

STEPHANIE BABANI
MY COMMISSION #FF100768
EXPIRES March 16, 2018
(407) 398-0153   FloridaNotaryService.com

_____
Serial Number, if any

ACKNOWLEDGMENT (FLORIDA)                                                                                   Page 3 of 4

Loan No.: ███

| | |
|---|---|
| HMC Assets, LLC solely in its capacity as Separate Trustee of Community Development Fund I Trust By: Servis One, Inc. DBA BSI Financial Services, as its Attorney in Fact  –Lender | _____ -Date |

By: _____

Its: _____

(Corporate Seal)

## LENDER ACKNOWLEDGMENT

State of          §
                        §
County of       §

       The foregoing instrument was acknowledged before me this            ,     *[date]*,
by                                                               ,     *name of officer or agent*,
*title of officer or agents]* of    HMC Assets, LLC solely in its capacity as Separate Trustee of Community Development Fund I Trust By: Servis One, Inc. DBA BSI Financial Services, as its Attorney in Fact

                                                                                                                            , on behalf of said entity.

He/She is personally known to me or has produced
*[type of identification]* as identification.

                                         _____
                                         Signature of Person Taking Acknowledgment

(Seal)

                                         _____
                                         Name Typed, Printed or Stamped

                                         <u>Notary Public</u>_____
                                         Title or Rank

                                         _____
                                         Serial Number, if any

Loan No.: 

# NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice:** The undersigned hereby represents and warrants that I/we have each received and read a copy of this Notice on or before the execution of the "Loan Agreement." "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or any other thing of value or to otherwise extend credit or make a financial accommodation.

_____ -Borrower
Glenda Suazo

_____ -Borrower
Luis M Moreno, signing solely to
acknowledge this Agreement, but not to
incur any personal liability for the debt

_____ -Borrower

_____ -Borrower

Loan No.: ▮▮▮▮▮▮▮

# CORRECTION AGREEMENT

**Borrower(s):** Glenda Suazo and Luis M Moreno

**Property:** 23140 SW 113th Passage, Miami, Florida 33170

Words used in this Agreement are defined below. Words in the singular mean and include the plural and vice versa.

"Borrower" is Glenda Suazo and Luis M Moreno     .

"Lender" is HMC Assets, LLC solely in its capacity as Separate Trustee of Community Development Fund I Trust By: Servis One, Inc. DBA BSI Financial Services, as its Attorney in Fact
, and its successors or assigns.
"Loan" means the debt evidenced by the Note and all sums due under the Security Instrument.
"Note" means the promissory note(s) signed by Borrower in favor of Lender or any assignee of Lender.
"Security Instrument" means the Deed of Trust/Mortgage/Security Deed, signed by Borrower in favor of Lender, securing payment of the Note.

AGREEMENT TO CORRECT OR PROVIDE ADDITIONAL DOCUMENTATION OR FEES: In consideration of the Loan Modification Agreement offered by Lender in the amount of $415,561.44 , which modifies the Note and Security Instrument, and regardless of the reason for any loss, misplacement, omission, misstatement or inaccuracy in any Loan documentation, Borrower agrees as follows: If any document is lost, misplaced, omitted, misstated or inaccurately reflects the true and correct terms and conditions of the Loan, upon request of Lender (including any assignee of Lender), Borrower will comply with Lender's request to execute, acknowledge, initial and/or deliver to Lender any documentation Lender deems necessary to replace and/or correct the lost, misplaced, omitted, misstated or inaccurate document(s). All documents Lender requests of Borrower shall be referred to as "Requested Documents." Borrower agrees to deliver the Requested Documents within ten (10) days after receipt by Borrower of a written request for such replacement. Borrower does hereby agree and covenant in order to assure that the Loan documentation executed this date will enable Lender to seek insurance or guaranty from the Department of Housing and Urban Development (HUD) or Department of Veteran's Affairs (VA), if applicable, or to conform with and be acceptable to the Federal National Mortgage Association (FNMA), Federal Home Loan Mortgage Corporation (FHLMC), Government National Mortgage Association (GNMA), or any other investor.

REQUEST BY LENDER: Any request under this Agreement may be made by the Lender (including assignees and persons acting on behalf of the Lender) and shall be <u>prima facie</u> evidence of the necessity for same. A written statement addressed to Borrower at the address indicated in the Loan documentation shall be considered conclusive evidence of the necessity for Requested Documents.

BORROWER LIABILITY:  If Borrower fails or refuses to execute, acknowledge, initial or deliver the Requested Documents to Lender within ten (10) days after being requested to do so by Lender, Borrower understands that Lender is relying on the representations contained herein and agrees to be liable for any and all loss or damage which Lender reasonably sustains thereby including, but not limited to, all reasonable attorneys' fees and costs incurred by Lender.

This Agreement shall inure to the benefit of Lender's successors and assigns and be binding upon the heirs, devises, personal representatives, successors and assigns of Borrower.

ACKNOWLEDGMENT OF RECEIPT

**I hereby acknowledge receipt of this Correction Agreement and further acknowledge that I understand its provisions. Words used in this Correction Agreement mean and include the plural and vice versa.**

_____  11/21/17  
Glenda Suazo           -Borrower (Date)

_____  11/21/17  
Luis M Moreno, signing solely    -Borrower (Date)  
to acknowledge this  
Agreement, but not to incur  
any personal liability for the  
debt

_____  
            -Borrower (Date)

_____  
            -Borrower (Date)

Loan No.: ███

# ATTORNEY SELECTION NOTICE

By signing below, it is understood and agreed that you may hire a lawyer or attorney to advise you regarding this transaction and its consequences.

SELLER:

<u>N/A Modification</u>
(Date)

<u>N/A Modification</u>
(Date)

_____
(Date)

_____
(Date)

BORROWER:

_____  11/21/17
Glenda Suazo                (Date)

_____  11/21/17
Luis M Moreno, signing solely to    (Date)
acknowledge this Agreement, but not to
incur any personal liability for the debt

_____
(Date)

_____
(Date)

ATTORNEY SELECTION NOTICE -MULTISTATE                                         Page 1 of 1